## Inez Lumber & Supply Co. v. Ware et al.

January 12, 1951.

Edward P. Hill, Judge.

W. R. McCoy for appellant.

Earle Cassady for appellees.

JUDGE LATIMER—Affirming.

This action was brought by Inez Lumber & Supply Company against E. C. Ware and Earle Cassady to recover for damages done to a leased private road.

It appears that Inez Lumber & Supply Company had a contract with the Joseph Oaker Stave Company to remove timber from a tract owned by that Company, and as a part of the agreement, the Inez Lumber & Supply Company was to have use of a private road owned by the Oaker Stave Company for the purpose of removing its timber, and for that right was to assume the responsibility of helping to keep the road in repair. According to the pleading and claim of the Inez Lumber & Supply Company, it had closed down its operations for the winter of 1948 in order to preserve the road during that portion of the season, and posted notices that

368

no heavy trucks or trucks with chains were to be used on that private road.

It appears that E. C. Ware and Earle Cassady, drilling contractors, were drilling a well for W. H. May on lands adjacent to the road in question. Upon completion of the well, and at a time when appellant had ceased its operations to preserve its road, these drilling contractors moved their rig, casing and other equipment out over this road. As a result of this hauling, and the use of heavy trucks, appellant claims that its road was damaged in the sum of $457, which represents the cost of repairing and putting the road back in usable shape. Judgment was sought in that amount.

Appellees, by answer, denied all of the allegations of plaintiff's petition, and by counterclaim prayed that they recover of the plaintiff the sum of $90 for the use of a bulldozer furnished appellant for work on the road.

Appellant by reply to answer and counterclaim stated that when it approached E. C. Ware to secure the bulldozer, Ware advised that the bulldozer was in West Virginia, but that, if plaintiff would bring the bulldozer to Martin County, it could use it two or three days for the purpose of repairing the road; that plaintiff went to West Virginia and procured the bulldozer and brought it to the site of the road but that instead of being able to use it for two or three days, as agreed, it was used for about 4 hours when Ware came and took the bulldozer; that it cost at least $42 to bring the bulldozer from West Virginia; that by reason of being deprived of its use, as agreed, plaintiff has been damaged at least in the sum of $50, and prayed as in its original petition and for the further sum of $50.

Considerable proof was taken and the matter submitted to the jury. Verdict was returned in favor of defendants.

The court overruled motion and grounds for new trial and granted plaintiff an appeal to this Court.

Appellees ask that the appeal be dismissed on the ground that the court below had no jurisdiction to grant an appeal. The basis of this contention is that the suit for damages was for less than $500. It will be observed, according to the pleadings, that plaintiff, in its original

petition, asked for $457, but in its reply to answer and counterclaim of defendant sought the further sum of $50, which brings the total above the $500, and within the amount giving the court below jurisdiction to grant an appeal.

We now consider appellant's claim that the verdict is not sustained by the evidence. The record discloses quite a bit of contradictory evidence. There was evidence to show that parties other than defendants used and hauled heavy loads over this road, and that such use by others caused the damage. There was evidence sufficient to justify the jury in its conclusion that defendants were not responsible for any damage done to the road.

The judgment is affirmed.